UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

Case No.:  1:22-cv-20617-Moore/Louis

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY
COMPANY, GEICO GENERAL
INSURANCE COMPANY, and GEICO
CASUALTY COMPANY,

    Plaintiffs,

vs.

JOSE ANTONIO MARQUEZ, M.D., EAST
COAST MEDICAL REHAB, INC.,
JOHANNA A.FERRER, AMALIA
MONTANA, L.M.T., RAY MEDICAL
CENTER, INC., JOSE D. SAA, LUIS
E.   GRAU, M.D., MIRTHA FERNANDEZ
FLEITES, L.M.T., and LIUBA ARBOLAEZ,
L.M.T.,
    Defendants.
    _____/

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, RAY MEDICAL CENTER, INC., JOSE D. SAA, MIRTHA FERNANDEZ FLEITES, L.M.T., and LIUBA ARBOLAEZ, L.M.T., (Defendants), Pursuant to Fed.R.Civ.P., Rule 12(b)(6), move this Court for the entry of an order dismissing Plaintiffs Complaint, and states:

    1.    Plaintiffs' Complaint fails to state a cause of action under the theories advanced.

    2.    Plaintiffs' claims related to Fraud, or fraudulent actions, Eighth Cause-RICO; Ninth Cause-RICO; Tenth Cause-FDUTPA; Eleventh Cause-Civil Remedies for Criminal Practices; Twelfth Cause-Common Law Fraud; fail to state a cause of action because they lack the requisite particularity pursuant to Rule 9(b).

Case 1:22-cv-20617-KMM   Document 18   Entered on FLSD Docket 04/25/2022   Page 2 of 10

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

3. Plaintiffs' claims for Unjust Enrichment also fail to state a cause of action as to the individuals named, as no one of the individuals received any direct payment from the GEICO Plaintiffs. As such, they cannot be sued in their individual capacities under this claim in equity.

4. Plaintiffs' claims for Unjust Enrichment fail to state a cause of action as Plaintiffs fail to allege that they lack an adequate remedy at law.

5. Plaintiffs' claims for Declaratory Judgment are improper and should be dismissed as the Complaint is completely devoid of any allegations of any actual case or controversy. Nor is there any reference or citation to any provision of the Policy or Florida law that is alleged to be ambiguous or requires judicial construction related to the rights and obligations of the parties.

WHEREFORE Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Complaint and granting any other such relief this Court deems just and proper.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants, Pursuant to Fed.R.Civ.P., Rule 12 (b)(6), submit this Memorandum of Law in support of their Motion to Dismiss, and state:

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset*

Case 1:22-cv-20617-KMM Document 18 Entered on FLSD Docket 04/25/2022 Page 3 of 10

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

*Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Claims that sound in fraud, moreover, "must comply not only with" the plausibility criteria set forth by *Iqbal*, but also the heightened pleading standard under Fed. R. Civ. P. 9(b). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *State Farm Mut. Automobile Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017) ("[W]here the gravamen of the claim sounds in fraud . . . the heightened pleading standard of Rule 9(b) applies.").

Rule 9(b) "requires that in alleging fraud or mistake, a party must state with particularity circumstances constituting the fraud or mistake." *Cigna Corp.*, 605 F.3d at 1291 (internal quotation marks and citation omitted). In so doing, a plaintiff "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff; and (4) what the defendants gained by the alleged fraud." *See id*. (internal citation omitted).

## ARGUMENT

**Plaintiffs Fail to State Claims upon Which Relief Can Be Granted**

**I. Plaintiffs' Have Failed to Plead Fraud With the Requisite Particularity Pursuant to Rule 9(b).**

Plaintiffs' claims in its counts, against the Ray Medical Defendants, the Eighth-RICO; Ninth-RICO; Tenth-FDUTPA; Eleventh Cause-Civil Remedies for Criminal Practices; Twelfth Cause-Common Law Fraud; are all based upon or related to Fraud, or fraudulent actions, and as such, must be pled with the requisite particularity pursuant to Rule 9(b), or else they fail to state a cause of action.

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.<br>Case No. 22-CIV-20617-MOORE/LOUIS

In the Eleventh Circuit, "Rule 9(b) is satisfied if the complaint sets forth '(1)precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making(or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.' " *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001) (*quoting Brooksv. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1371 (11th Cir.1997))(emphasis added).

The basis of all of GEICO's allegations of RICO, and Fraud, etc., apparently boils down to its conclusion, based on a recital of perceived errors in oversight and billing practices, etc., that these alleged errors or lack of supervision or failure to notate the file in a certain way, somehow rises to the level of criminal intent. It does not, nor do the allegations give the Defendants a fair appraisal of how they allegedly committed fraud, or how to accurately respond to these conclusory accusations.

GEICO attempts to satisfy the pleading requirement by cataloging a list of alleged acts which it concludes constituted fraud, but on a cursory review, it more likely demonstrates a disagreement in how the Defendants conducted their business, and GEICO's alleged reliance on these misrepresentations appears to be self-serving after the fact rationalization in order to justify the bringing of this lawsuit. GEICO claims that,

> "[T]he Clinic Owner Defendants used the facade of Marquez's phony "appointment" as East Coast Medical and Ray Medical's respective "medical directors" to do indirectly what they were forbidden from doing directly – namely, and as set forth more fully herein: (i) to operate health care clinics without legitimate medical directors; (ii) to engage in unlicensed medical decision-making with respect to the Insureds who sought treatment at East Coast Medical and Ray Medical; (iii) to permit health care services to be provided at East Coast

4

Medical and Ray Medical by individuals who lacked the proper licensure to perform the services; and (iv) to use East Coast Medical and Ray Medical as vehicles to submit a massive amount of fraudulent and unlawful PIP billing to GEICO and other insurers."

GEICO reaches these conclusion by mere speculation. It claims that the clinics operated without "legitimate medical directors." To support this claim GEICO states, "It is improbable – to the point of impossibility – that Marquez could have simultaneously personally performed, or even just directly supervised, such a massive number of individual health care services for both of the Clinic Defendants, as well as for other clinics, while also fulfilling his medical director role at either of the Clinic Defendants."

Thus the gist of GEICO's fraud allegations are that in its opinion Marquez could not have performed his duties as medical director of the clinics because he could not have done so if he were directly supervising the services performed. This is a requirement that does not exist under the law. GEICO's contention that "direct supervision" is required is a self-serving interpretation of the applicable statutes, when in reality, and at the very least, it is unclear what constitutes appropriate supervision. Since it is unclear under the law what the appropriate level of supervision is, GEICO cannot plead that the Defendants *knowingly* committed fraud under the No-Fault Law, if in fact, it is just a disagreement of what is required.

Likewise, the other alleged instances of fraud are also based upon either a disagreement of how the clinic should operate, or how the doctors should perform their services or fill out their paperwork. For example, GEICO alleges that the doctors committed fraud by billing for CPT codes 99203 or 99204, because they could not have provided a "detailed" physical examination, because they "did not document findings with respect to at least eight of the Insured's organ systems, nor did he document a "complete" examination of the Insured's musculoskeletal systems

Case 1:22-cv-20617-KMM   Document 18   Entered on FLSD Docket 04/25/2022   Page 6 of 10

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

or anyof the Insured's other organ systems."

It is respectfully submitted that these allegations do not give the Defendants a fair explanation of what in their actions, aside from oversight or disagreements as to the appropriate level of supervision, actually constituted criminal intent. Nor do they adequately explain how GEICO allegedly relied on their fraudulent conduct to its detriment. GEICO merely states in a self-serving and conclusory allegation that, "[T]he facially valid documents submitted to GEICO in support of the fraudulent charges at issue, combined with the material misrepresentations and acts of concealment described above, were designed to and did cause GEICO to rely upon them. As a result, GEICO has incurred damages of more than $4,600,000.00."

Rule 9(b) is only satisfied if the complaint sets forth the content of any inaccurate statements or omissions and the manner in which these statements or omissions misled the plaintiff. *See Cigna Corp.*, 605 F.3d at 1291; *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1574 (S.D. Fla. 1993) (holding that a complaint is in "accord with the demands of Rule 9(b)" when it, *inter alia*, explains "the way in which [the p]laintiffs were allegedly misled."). Mere attestations of reliance upon material misrepresentations are not enough; a plaintiff must "specify the content or manner in which" those representations misled that plaintiff. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 n.12 (11th Cir. 2007). GEICO has failed to do so, as such, it has not met the pleading requirements.

It is respectfully submitted that all of GEICO's fraud related counts in its Complaint must be dismissed for its failure to properly state a cause of action under the applicable rules.

**II. Plaintiffs' Claims of Unjust Enrichment Fail to State a Cause of Action**

Plaintiffs' claims for unjust enrichment fail to state a cause of action for the following reasons:

Case 1:22-cv-20617-KMM   Document 18   Entered on FLSD Docket 04/25/2022   Page 7 of 10

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

1. <u>The Claims for Unjust Enrichment as to the Individual Defendants are Barred as there was Clearly No Direct Payment To Them From the Plaintiffs</u>

Plaintiffs in their Complaint allege that they made payments to Ray Medical. GEICO does not allege that payments were made to the individual Defendants, nor does it explain how the individual Defendants were conferred any benefit. When benefits are not paid to a defendant no claim for unjust enrichment may be maintained by a plaintiff against that defendant. The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Hillman Const. Corp. v. Wainer, 636 So.2d 576*, 577 (Fla. 4th DCA 1994). A claim for unjust enrichment requires that there be a benefit to the litigant. *See Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.N.A.*, 667 So.2d 876, 879 (Fla. 3rd DCA 1996) ("Here, the plaintiff, Peoples National, could not and did not allege that it had directly conferred a benefit on the defendants, the other participant lenders. In actuality, if any benefit was conferred upon each participant lender in the form of overpayments, it could only have been conferred upon them by Southeast, not Peoples National. Because Peoples National failed to allege ultimate facts that support a prima facie case of unjust enrichment, the trial court properly dismissed with prejudice that count against the other participant lenders."). Likewise, GEICO cannot, and does not allege that they made direct payments to the individual Defendants, only that they benefitted without explaining how. Accordingly, no unjust enrichment claim can lie against them.

2. <u>The Unjust Enrichment Claim Fails Because Plaintiff Fails</u>

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

<u>to Allege that It Lacks an Adequate Remedy at Law</u>

Plaintiffs' claim under the equitable doctrine of unjust enrichment must fail because plaintiffs fail to allege that they lack an adequate remedy at law. Where the plaintiff has failed to allege that it has no adequate remedy at law, an unjust enrichment count should be dismissed. *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 390 F.Supp.2d 1170, 1178 (M.D.Fla. 2005); *Nautica Int'l, Inc. v. Intermarine USA, L.P.*, 5 F.Supp.2d 1333, 1342 (S.D.Fla. 1998). Therefore, Plaintiffs' counts for unjust enrichment should be dismissed.

**III. Plaintiffs' Claims for Declaratory Judgment Are Improper and Should Be Dismissed**

Plaintiffs seek declaratory relief based upon 28 U.S.C. § 2201. "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citing *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)(This controversy must not be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

In Count I, Plaintiffs seek to have this Court declare that Defendants are not entitled to any payments upon any pending billings, any future bills for health care services that are rendered by Defendants.. Although Plaintiffs recite the conclusory allegation that there is "an actual case and controversy" between the parties, the Complaint is completely devoid of any allegations of any such case or controversy. Nor is there any reference or citation to any provision of the Policy or Florida law that is alleged to be ambiguous or requires judicial construction related to the rights and obligations of the parties. There is not even an allegation

8

Case 1:22-cv-20617-KMM Document 18 Entered on FLSD Docket 04/25/2022 Page 9 of 10

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.
Case No. 22-CIV-20617-MOORE/LOUIS

that GEICO is "insecure, uncertain, and in doubt" with respect to any of their rights and responsibilities under the Policy, or law.

It is respectfully submitted that GEICO knows what the law is and what its rights are regarding allegedly "unlawfully provided" services. Nowhere do they ask this Court to declare their rights under the policy or law. As such, Count I fails to set forth the existence of a real or immediate controversy regarding an uncertainty or doubt as to the rights and obligations of the parties. Moreover, a claim for declaratory relief must be supported by allegations from which a continuing and substantial controversy may reasonably be inferred. *Malowney v. Fed. Collection Deposit Group,* 193 F. 3d 1342, 1347 (11th Cir. 1999). Claims under 28 U.S.C. § 2201 must be definite and concrete, and "admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and quotations omitted).

Despite Plaintiffs' claims to the contrary, GEICO is improperly asking this Court to make the factual determination that the Defendants acted with fraudulent intent, and as such, GEICO is not responsible for payment of their bills. *See DiMuccio v. D'Ambra*, 779 F. Supp. 1318, 1322 (M.D. Fla. 1991)(Declaratory judgment actions under 28 U.S.C. § 2201, are "unique proceedings that will not lie when judicial determinations hinge on factual issues not involving contract interpretations or construction of rights or other relations").

Plaintiffs seek precisely that, a factual determination of the legality of Defendants' billings. There is no bona fide dispute. If this Court permits this declaratory action to proceed, in the end it would be issuing an advisory opinion regarding the correctness of Defendants' billings. Not only does this violate the statutory intent, it would be based on a determination

GEICO, et.al., v. Jose Antonio Marquez, M.D., et.al.<br>
Case No. 22-CIV-20617-MOORE/LOUIS

that is really one of fact, not the proper subject of a declaratory action, which is based purely on the law, or contract.

WHEREFORE, for the reasons fully set forth above, Defendants respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint and granting any other such relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /S/Carlos Cruanes
Carlos Cruanes
FBN: 0121940
LAW OFFICES OF CARLOS CRUANES, P.A.
815 N.W. 57th Avenue, Suite 401
Miami, Florida 33126
Telephone: (786) 378-8189
Facsimile: (305) 631-1816
E-Mail: ccruanes@cruaneslaw.com